UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEVEN L. RIGBY,<br><br>    Petitioner,<br><br>v.<br><br>MICHAEL ASTRUE, Commissioner of Social Security,<br><br>    Respondent. | Case No. 1:09-CV-00309-EJL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

On August 24, 2010, United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation, recommending that Steven L. Rigby's Petition for Review filed pursuant to 42 U.S.C. § 405(g), 1383(c)(3) be dismissed and that this Court enter an order affirming the decision of the Commissioner. (Dkt. No. 18.) Mr. Rigby filed objections to the Magistrate Judge's report. Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections pursuant to 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The

**ORDER - 1**

district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. *Id.*; *see also* Fed. R. Civ. P. 72(b). The Court has conducted its review and finds as follows.

**Discussion**

Mr. Rigby filed applications for disability insurance benefits and supplemental social security income disability benefits under Titles II and XVI of the Social Security Act. 42 U.S.C. § 401-33, 1381-83f. On February 14, 2008, the Commissioner of Social Security issued a final decision finding that Mr. Rigby was not disabled before March 23, 2006, but became disabled as of that date. (AR 34-47.) It is this decision of which Mr. Rigby seeks judicial review. The Report and Recommendation properly articulates the appropriate standard of judicial review for such cases as well as the sequential process for the determination of whether an individual is disabled. (Dkt. No. 18, pp. 2-7.)

The objections submitted by Mr. Rigby generally dispute the administrative record arguing the Administrative Law Judge ("ALJ"), reviewing bodies, and the Magistrate Judge all failed to properly consider the evidence and record which he claims prove the existence of his disability. In particular, Mr. Rigby argues the reviewing bodies: failed to consider certain materials that should have been included in the record, gave improper weight to other evidence, were wrong in their credibility determinations, and erred in their interpretations and conclusions. (Dkt. No. 19.) In sum, Mr. Rigby disagrees with the findings of the reviewing bodies.

Having conducted its own review of the record here, the Court agrees with the

findings and conclusions of the Magistrate Judge that the ALJ applied the correct legal standards and that the ALJ's findings are supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (The ALJ "must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion" of a treating or examining doctor.). The Court has considered each of Mr. Rigby's contentions in light of the standard of review pertinent to this case and finds them to be without support in law or fact.

The Court's role in reviewing the ALJ's final decision is to ensure that it is supported by substantial evidence and based on the proper legal standards. 42 U.S.C. § 405(g); *see also Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (The final decision "to deny benefits will be overturned only if it is not supported by substantial evidence or it is based on legal error."). Mr. Rigby's objections here invites this Court to abscond from this reviewing role and to undertake its own examination of the record and arrive at new findings in his favor. This the Court will not do. It is not for this Court to substitute its judgment or interpretation of the record for that of the ALJ. *See Flaten v. Secretary of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Applying instead the "highly deferential standard of review" to the ALJ's decision, this Court agrees with the Magistrate Judge that the ALJ's decision is supported by substantial evidence and is not based on legal error. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Contrary to Mr. Rigby's objection that the reviewing bodies "do not even care about what is, or what is not in the record" and that they "choose to ignore, dismiss, and diminish most all of it," the decision itself reflects the ALJ's review and consideration of the evidence

in the record including the reports from the various doctors seen by Mr. Rigby. (AR 34-47.) Mr. Rigby simply disagrees with the ALJ's findings. However, as detailed by the Magistrate Judge, the ALJ decision is supported by substantial evidence in the record. The fact that Mr. Rigby disagrees is of no avail.

Moreover, the objections regarding the alleged clerical errors, completeness of the record, credibility determinations, and interpretations of the record were raised and considered previously by the ALJ and the Magistrate Judge. As the Report and Recommendation makes clear, the Magistrate Judge carefully and thoroughly considered the entire record in making his findings. (Dkt. No. 18.) This Court too has conducted its own review of the memorandums filed throughout this matter by both parties and finds that the Magistrate Judge identified the correct legal standards and properly applied those standards to the record. Further, the Magistrate Judge properly addressed the arguments raised in the objections. Accordingly, Mr. Rigby's objections are overruled.

## ORDER

Having conducted a *de novo* review of the objections raised by Petitioner, this Court finds that Magistrate Judge Bush's Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record. Acting on the recommendation of Magistrate Judge Bush, and this Court being fully advised in the premises, NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered on August 24, 2010, (Dkt. No. 18), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

The Petition for Review (Dkt. No. 18) is **DENIED** and this matter is **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**.

DATED: **September 17, 2010**

Honorable Edward J. Lodge
U. S. District Judge